# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Record,<br><br>    Plaintiff,<br><br>v.<br><br>Maybrook-P Orangeville Opco, LLC<br><br>    Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Patricia Record (hereinafter referred to as "Plaintiff"), by and through her attorneys, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq.*).

## JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC.

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 530 Market Street, Benton, PA 17814.

8. Defendant is business entity with a primary place of business located at 200 Berwick Road, Orangeville, PA 17859.

## FACTUAL BACKGROUND

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant as an Activity Aide on about March 19, 2014.

11. At all relevant times, Plaintiff has suffered from serious health conditions, including Chronic Coronary Artery Disease ("CAD").

12. Plaintiff's job duties included being responsible for accompanying residents to the smoking area so that they could smoke cigarettes. Initially, this required Plaintiff to accompany one (1) or two (2) people who were allowed to smoke one (1) cigarette.

13. By about early 2017, the number of residents who partook in the aforementioned cigarette smoke breaks had increased to about six (6) or seven (7). Further, at this time, the residents were given three (3) smoke breaks and permitted to smoke two (2) cigarettes. Upon information and belief, the change in Defendant's resident smoking policy was implemented by Administrator Loree Levulis ("Ms. Levulis").

14. In about the summer of 2017, Plaintiff advised her direct supervisor, Darlia Sponenberg ("Ms. Sponenberg") that being required to accompany the residents for these additional smoke breaks was aggravating her serious health condition. Specifically, the prolonged exposure to cigarette smoke would result in dizziness, nausea.

15. To avoid prolonged exposure to cigarette smoke, Plaintiff began supervising residents smoking cigarettes from inside of Defendant's premises. Specifically, Plaintiff stood behind a glass door in such a manner that she was still able to see the smoking residents.

16. Defendant's Director of Nursing advised Plaintiff that she was not permitted to observe the residents from inside. When Plaintiff asked that she be allowed to continue to do so because the cigarette smoke aggravated her serious health condition, the Director of Nursing simply told her "no."

17. In about December of 2017, Plaintiff advised Ms. Levulis that observing the smoking residents was negatively impacting her health. In response, Ms. Levulis simply told Plaintiff that she should wear warmer clothing because cold weather could also affect CAD.

18. In about March of 2018, Plaintiff again spoke with Ms. Sponenberg regarding whether she could be allowed to observe smoking residents from indoors, or alternatively, whether somebody else could be assigned to perform the task of observing smoking residents. In response,

Ms. Sponenberg told Plaintiff that doing so was part of her job duties and that she had no choice but to continue to do so.

19.     Between march of 2018 and Plaintiff's last date of employment, she made frequent reference to the fact that having to observe the smoking residents was aggravating her serious health condition.

20.     On about August 23, 2018, Plaintiff was terminated from employment. Defendant's stated reason for termination was that it "wasn't working out" and the allegation that there were patient complaints regarding Plaintiff. However, prior to being terminated, Plaintiff was not made aware of any so-called patient complaints.

**Count I**
**Violations of the ADA**
**(Discrimination, Failure to Accommodate and Retaliation)**

21.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

22.     At all times relevant herein, Plaintiff suffered from a disability as defined under the ADA.

23.     At all times relevant herein, Plaintiff was a qualified individual with a disability insofar as she was capable of performing all essential functions of his job with Defendant, provided that he be granted reasonable accommodations.

24.     As described above, Plaintiff requested reasonable accommodations.

25.     As described above, Defendant failed to accommodate Plaintiff's request.

26.     Within a close temporal proximity of Plaintiff's request for reasonable accommodations (and Defendant's denial of same) she was terminated from employment.

27.     The forgoing conduct constitutes violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Christa Levko, Esq.
*Attorney for Plaintiff*
Kraemer, Manes, & Associates
1628 JFK Blvd., Suite 1650
Philadelphia, PA 19103
Direct: (215) 475-3517
Fax: (215) 734-2413
cl@lawkm.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Patricia Record<br>530 Market Street<br>Benton, PA 17814 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-01589 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

Jamie R. Williamson,
District Director

February 13, 2019
*(Date Mailed)*

Enclosures(s)

cc:
Human Resources Director
MAYBROOK-P ORANGEVILLE LLC
200 Berwick Rd
Orangeville, PA 17859

Christa Levko
KM&A
1628 JFK Blvd, Ste 1650
Philadelphia, PA 19103